TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0291-KB

MEREDITH LYNN LAWRENCE                                          MOVANT


V.                            IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                    RESPONDENT


## <u>**OPINION & ORDER**</u>

This case is before the Court upon the Movant Meredith Lynn Lawrence's motion for reinstatement under SCR 3.502. His KBA Member Number is 40365. In 2017, Lawrence was suspended from the practice of law for five years, retroactive to July 6, 2012, as a result of his conviction for tax fraud in the United States District Court for Eastern Kentucky. *Lawrence v. Kentucky Bar Association,* 533 S.W.3d 686, 687 (Ky. 2017). We noted in that opinion that he had already paid full restitution totaling $128,000 at the time of suspension. *Id.* at 686.

Since his release from prison, Lawrence has worked a cattle farm, as well as being a small business owner in Northern Kentucky. He filed his motion for reinstatement on April 23, 2018, and the Character and Fitness Committee conducted a hearing on August 16, 2021. The length of time between the motion and hearing is unexplained by the Board of Governors but the KBA did not oppose Lawrence's reinstatement at the hearing. In fact, both the KBA and

Lawrence submitted joint findings of fact and conclusions of law in support of reinstatement with the Character and Fitness Committee. Those were adopted by the Committee on October 28, 2021. On February 28, 2022, the Board of Governors unanimously recommended Lawrence's reinstatement by a 17-0 vote, with two members absent and two members recused.

The Committee's findings of fact included that Lawrence had complied with the terms of his suspension; demonstrated worthiness of trust and confidence of the public; possessed sufficient professional capabilities to serve as a lawyer; and his acknowledgment of wrongdoing, contrition, and rehabilitation of character. The Board noted these findings were made "after a full adversarial hearing and supported by a host of affidavits from both lawyers and non-lawyers vouching for Lawrence's good character and positive reputation in the community."

Given the findings of the Committee; the lack of opposition by the KBA; and the unanimous recommendation of the Board, we conclude Lawrence has met the conditions necessary for reinstatement. His recognition of wrong-doing and restitution was noted back in 2017. *Id.* Since that time, he has complied with the requirements of his suspension, has been a law-abiding citizen and businessman, and has rehabilitated himself. His reinstatement is consistent with similar cases such as *Greene v. Kentucky Bar Association*, 904 S.W.2d 233 (Ky. 1995). In *Greene*, we reinstated an attorney to the practice of law after he was suspended for his conviction for defrauding investors in excess of $250,000 but had demonstrated remorse, made some restitution, and had

2

contacted his victims and agreed to repayment plans with all of them for the remaining restitution. *Id.* at 234-36.

Accordingly, it is hereby ORDERED that the application for reinstatement to the practice of law by Meredith L. Lawrence is approved subject to the following conditions:

1. Lawrence complies with the terms of SCR 3.503(6). The results of Lawrence's examination shall be certified by the Board of Bar Examiners to this Court and the Executive Director of the KBA;

2. Lawrence shall pay the cost of the proceedings, totaling $593.12, pursuant to SCR 3.503(5). Also, if the additional KBA costs exceed the posted bond, Lawrence shall pay the excess. If there are any funds remaining from the posted bond after the Office of Bar Admissions and KBA have recovered their costs, said funds shall be paid back to Lawrence.

All sitting. All concur.

ENTERED: August 24, 2023

_____
CHIEF JUSTICE

3